☒ FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 0 7 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Arthur G Carroll #89986
ASPC Lewis
Po Box 70
Buckeye, AZ 85326

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARTHUR GUYLAND CARROLL<br>Plaintiff<br>VS.<br>Maricopa County Sherriff's office<br>Sherriff Joseph Arpaio<br>Sgt Hadsell<br>Deputy officer John Doe<br>Defendants<br>Sued in Their individual and official capacities | CIV '12 0957 PHX ROS DKD<br><br>Case Number _____<br>(To Be supplied By CLERK)<br><br>CIVIL RIGHTS COMPLAINT BY A PRISONER. JURY TRIAL DEMANDED<br><br>Original Complaint |

## Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of State Law, of Rights Secured by the constitution of the United States. The Court has Jurisdiction under 28 USC §1331 and 1343 (A)(3). Plaintiff Seeks declaratory Relief pursuant to 28 USC §2201 and 2202. Plaintiffs Claims for injunctive relief are authorized by 28 USC §2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The PHOENIX division of Arizona's 9th circuit district of Arizona is an appropriate venue under 28 USC §1391 (b)(2) because it is where the events giving Rise to this claim occurred.

1

3. The institution where violations occurred is Fourth Avenue Jail, 201 S. 4th Ave, Phoenix, AZ 85003. (MCSO)

4. The Plaintiff is Arthur G. Carroll and is currently an inmate of the Arizona Department of Corrections at Lewis Complex Rast Unit in Buckeye, AZ.

5. The Defendant Joseph Arpaio is the Sherriff of Maricopa County Sherriffs office. He is Legally responsible for the operation of the 4th Avenue Jail facility and All other Departments and institutions under its jurisdiction.

6. The Defendant Sgt Hadsell is a Sgt at the 4th Avenue Jail. He was in charge of the shift & is Legally Responsible for the operation of the 4th Avenue Jail & for the welfare of all the inmates of that institution. His full name is not known at this time and am currently trying to get MCSO to release this information to the courts for the purpose of this civil action.

7. The Defendant Deputy officer (John Doe) is an officer of (MCSO) at the 4th Ave Jail facility. He is Responsible for the welfare of all inmates. His name is not known at this time.

8. Each Defendant is sued individually and in their official capacities. At all times in this complaint each defendant acted under color of state law.

2

9. The Plaintiff has never filed a previous lawsuit while a prisoner.

10. The supporting facts of this claim are as follows

11. I arrived at the 4th Ave intake facility on 9-27-11 at 9:30 am. During the intake process I was evaluated and questioned about my health conditions. I explained to the nurse I just got out of West Valley medical center/Hospital. I have a slipped disk in my back, and have had fusion surgery in my neck with 6 screws and 2 rods in place. All of the information was verified & entered into the computer & was deemed neccessary to house me with a lower tier/lower bunk medical waiver.

12. On 9-28-11 at 3 am I was brought from intake to be housed in 2-f. I had advised all of the staff of my condition & the waiver granted by medical so I could be accommodated for my physical disability. The officers argued amongst themselves then called a seargent to advise him that there was no room & they didnt have the time to move people around to accommodate me.

13. I was then taken upstairs to 4-f and placed in a room upstairs on the top bunk. I was placed in 4-f-1-19. I made aware to the officer of my dissabilities & He told

3

(13 cont)
me that he didnt care its only for 1 night til they had time to make space.

14. I spoke with Sgt Hadsell on 9-28-11 about my dissabilities and that medical had assigned the Lower Tier Lower Bunk Status. He confirmed it with medical but said he was too busy looking for a dust pan to do any moves.

15. 9-29-11 at 11:45 Am I was belly chained & shackled around my legs/ankles. I was coming back from court & was forced to walk up the stairs shackled & belly chained. During the climb my back gave out & I tumbled to about the 5th stair from the bottom. I couldnt move & was stuck on the stairs. Deputies initiated the Emergency call and Radioed for medical to Respond.

16. Medical Responds & they were able to pick me up & put me into a wheelchair. I was taken to medical & given pain medication & evaluated. The medical staff asked me "Why I was on the top tier when the computer clearly states to house me lower tier?" I said I told the officers over & over from intake all the way to 4-f & to and from court & they didnt care.

17. Medical advised the shift commander & I was immediately

4

(17.cont)... Moved to a Lower Level Lower Bunk.

18. Since this occurance my Back has gone out on several occassions. Because of the indifference of MCSO Staff my Back & Neck injuries have gotten worse.

19. The Plaintiff has exausted all administrative Remedies Proof of such will be attached in the exhibits. The Plaintiff was Remanded Back to the department of corrections 4 days after the incident & is unable to properly correspond with MCSO.

20. The Claims for Relief Are as follows

21. The Actions of the defendants causing injury without Need or Provocation acting indifferently to specific needs Violating the 8th ammendment constituting cruel & unusual punishment under the Constitution of the United States

22. The Defendants were indifferent to medical needs of Being housed Appropriately Violated the American disability Act & constituted cruel & unusual punishment in violation of the 8th ammendment of the United States Constitution.

23. The Defendants have a strong liability to secure the Physical wellbeing of the Plaintiff & were aware of

(23 cont)... the Plaintiffs disability. The inactions of the Defendants was a needless & careless, & wreckless endangerment of the Plaintiffs physical wellbeing violating the 8th Ammendment for cruel & unusual punishment.

24. WHEREFORE, Plaintiff respectfully prays and requests that this court enter Judgement & Relief granting the Plaintiff:

25. A declaration that the acts and omissions described herein violated Plaintiffs Rights under the Constitution of the United States and its Laws.

26. A preliminary and permanent injunction ordering defendants MCSO. Sherriff J Arpaio, to enforce & monitor the conduct of Staff at 4th Ave Jail and penalize officers that do not follow proper procedure.

27. Award compensatory damages in the amount of $20,000.00 against each defendant, jointly & severally for future medical costs & therapy. For the physical injuries, caused by the deliberate indifference of the defendants, endured by the Plaintiff Arthur G. Carroll

28. Award punitive damages in the amount of $10,000.00 against each defendant.

6

29. Award nominal damages in the amount of $5,000.00 against each defendant.

30. A Jury Trial on all issues triable by jury

31. Plaintiff's costs in this suit

32. Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted

5-1-12
Date

*[signature]*
Signature

Arthur G. Carroll #89986
ASPC Lewis Rast Unit
Po Box 70
Buckeye, AZ 85326

Inmate ARTHUR Carroll
ADC # 84986
Arizona State Prison Complex Lewis
Unit EAST
P.O. BOX 3600
Buckeye AZ 85326

MAY 07 2012

U.S. DISTRICT COURT
U.S. COURTHOUSE, SUITE
401 WEST WASHINGTON
PHOENIX, ARIZONA



UNITED STATES POSTAL SERVICE
02 1M
0004 22657
MAILED FRO